[No. 2,575.]

DAVID W. PATTERSON, WILLIAM L. SPENCER, AND FERDINAND SPENCER v. WILLIAM H. SHARP, JOHN M. BYRNE, AND TOWNSEND BAG-LEY.

PRACTICE ON APPEAL—JUDGMENT ROLL.—When a judgment is rendered on facts, alleged in the complaint, and not denied in the answer, the question, whether the judgment ordered the payment of too large a sum of money, arises on the judgment roll without bringing up the evidence.

TENDER—INTEREST.—A tender of the principal sum due, with the stipulated interest up to the time of the tender, puts a stop to the accruing of interest from the date of the tender.

EVIDENCE.—Evidence is not admissible to controvert facts admitted by the pleadings.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The questions presented and decided in this case sufficiently appear from the following extract from the notice of appeal, and from the opinion of the Court:

"The plaintiffs hereby appeal to the Supreme Court of this State from so much of the judgment of the District Court as is in favor of defendants or either of them, and against the plaintiffs; that is to say, from so much of said judgment as in effect orders, adjudges, and decrees that said plaintiffs shall pay to said defendant Byrne, the sum of seven thousand eight hundred and thirty-six dollars, in United States gold coin, instead of six thousand two hundred and twenty-four dollars, in like coin; the said amount so required by said judgment to be paid, being in excess of the amount justly due in the sum of one thousand six hundred and twelve dollars. And the said plaintiffs will ask said Supreme Court to so modify the said judgment as to require the plaintiffs to pay to said defendants the sum of six thousand dollars, in United States gold coin, with such interest

thereon as to such Supreme Court may seem just and proper."

*Currey & Evans*, for Appellants.

The District Court erred in rendering judgment requiring the plaintiff to pay the defendant, Byrne, the sum of seven thousand eight hundred and thirty-six dollars, in United States gold coin, instead of six thousand two hundred and twenty-four dollars in like gold coin—being an excess of one thousand six hundred and twelve dollars of the amount justly due.

1. The complaint contains an allegation that six thousand two hundred and twenty-four dollars was tendered on the 11th day of June, 1869, by the plaintiffs to the defendant, Sharp, in payment of the sum specified in the written contract set forth in the complaint, with the interest due thereon. This allegation stands admitted for want of a denial of it in the defendant's answer. (Practice Act, Sec. 65; *Landers* v. *Bolton*, 26 Cal. 416, 417; *Lay* v. *Neville*, 25 Cal. 545.)

2. The amount due being tendered on the 11th of June, 1869, interest thereon should cease from that time. (*Hill* v. *Place*, 5 Abbott's Pr. R. [N. S.], 18; s. c., 36 How. Pr. R. 26; *Kortright* v. *Cady*, 21 N. Y. R. 343, and cases there cited.) The plaintiffs alleged that they had, from the time of the tender, continued ready to pay the amount due. (*Kortright* v. *Cady*, 23 Barb. 490.)

*G. F. & W. H. Sharp*, for Respondents.

1. The appellants cannot attack the judgment, upon the ground that it was excessive, or for more than was due, because the decree shows that the action was tried, and as the evidence is not before the Court, and no motion for new trial made, the appellants cannot urge this objection, because the evidence must be presumed sufficient to justify the deci-

sion. This argument also disposes of the point in reference to the tender. (*Hihn* v. *Peck*, 30 Cal. 280.)

2. The appellants assume that the record established the relation of mortgagor and mortgagee between the parties; but the material allegations of the complaint, in this particular, were all denied by the answer; and the decree, expressly assuming that the legal title to the premises was in the defendant Byrne, gave the appellants a certain period of time wherein to pay the sum of money awarded. This Court cannot, without the evidence presented below, say that this decree was erroneous in fact; and that it was not erroneous in form is established by the decision of this tribunal in *Tyler* v. *Granger* (No. 2,280), July Term, 1870 (not reported.)


By the Court, RHODES, C. J.:

It is alleged in the complaint that the plaintiffs tendered to Sharp, and also to Byrne, six thousand dollars, the money advanced, together with interest thereon at two per cent per month—the stipulated rate—at a specified time; that they refused to accept the money; and that the plaintiffs, from the time of the tender, have continued ready to pay that amount of money. These facts, not being denied by the answer, are admitted; and as evidence would not be admissible for the purpose of controverting facts thus established, the question whether the judgment ordered the payment by the plaintiffs, of too large a sum of money, arises upon the judgment roll without bringing up the evidence, if any, that may have been offered on that point. The amount of money tendered by the plaintiffs—six thousand two hundred and twenty-four dollars—was the amount due at the time of the tender, and the tender put a stop to the accruing of interest. (2 Pars. on Cont. 150, and cases cited.)

Cause remanded, with directions to modify the judgment

by striking out the sum of seven thousand eight hundred and thirty-six dollars wherever it occurs in the judgment, and inserting in the place thereof, the sum of six thousand two hundred and twenty-four dollars, and ordering said sum to be paid within ten days from the entry of the judgment.

Mr. Justice SPRAGUE expressed no opinion.