[No. 8010.  In Bank. — November 21, 1885.]

JOHN HEINLEN, RESPONDENT, v. THE FRESNO CANAL AND IRRIGATION COMPANY, APPELLANT.

RIPARIAN RIGHTS — DIVERSION OF WATER — EVIDENCE. — In an action by a riparian proprietor, to restrain the diversion of water from a stream adjoining his lands, and to recover damages for a prior diversion, evidence of injuries caused by the diversion to lands of the plaintiff not bordering on the stream, and to his cattle pastured thereon, is inadmissible.

ID. — LAND NOT DESCRIBED IN COMPLAINT — EVIDENCE OF TITLE. — In such an action, the plaintiff cannot prove title to land not described in the complaint.

ID. — ADVERSE DIVERSION AND APPROPRIATION — FINDINGS. — The defendant pleaded five years' adverse diversion and appropriation of the waters of the stream, and gave evidence tending to support the plea. *Held*, that the failure of the court to find on the issue thus presented was error.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*D. S. Terry, W. D. Tupper,* and *H. S. Dixon,* for Appellant.

*G. A. Heinlen, Atwell & Bradley,* and *Bennett & Wigginton,* for Respondent.

MYRICK, J. — Action to enjoin defendant from diverting the water of Kings River, and for damages for injuries to plaintiff's lands and cattle by reason of alleged prior diversion. The lands averred and proved by plaintiff as being his lands were swamp and overflowed lands, title to which was derived from the state by patents of separate parcels, issued at different times, from November, 1870, to April, 1877. The plaintiff had judgment awarding the injunction, and for eleven thousand dollars damages.

Whatever may be the rights of plaintiff as a riparian owner, the judgment in this case will have to be reversed.

1. The court permitted plaintiff to prove title in himself to parcels of land not bordering on any stream.

Taking the testimony offered by plaintiff at its best in his favor, there is no evidence of a defined channel or stream of water through any of plaintiff's lands, except through sections 1, 12, 13, and 24, township 19 south, range 19 east, and across a corner of section 31, township 19 south, range 20 east. In addition to proof of title in plaintiff of lands in the above-enumerated sections, the court admitted evidence of title in plaintiff of portions of sections 2 and 11, township 19 south, range 19 east, and portions of sections 1, 4, 5, 6, 7, 8, 9, 12, 16, 17, 18, 20, 21, 27, 28, and 34, township 19 south, range 20 east. The patents to these lands, in cases where patents had been issued, were of various dates, as above stated, from November, 1870, to April, 1877. Of these parcels, some were at least five miles, others at least three miles, others at least two miles, and others at least one mile, from the stream; some were more than five miles, others more than two miles, from any lands of plaintiff bordering on the stream. Some, not bordering on any stream, were entirely disconnected by more than two miles in distance from any other lands of plaintiff. And in connection with such proof, the court permitted the plaintiff to give evidence of injuries caused by defendant's diversion to the lands, and to cattle pastured on the lands, not bordering on the stream.

2. The court permitted plaintiff to prove title to several tracts of land not set forth in his complaint.

3. The defendant pleaded five years' adverse diversion and appropriation; and its evidence tended to support the plea. The court did not find on this issue.

It is unnecessary to pass on the question of riparian rights, for the reason that, as the case must go back for a new trial, upon such new trial it may be found that there is no continuous stream through plaintiff's lands. The evidence offered on behalf of plaintiff is conflicting on this point.

Judgment and order reversed, and cause remanded for a new trial.

Ross, J., Morrison, C. J., and McKinstry, J., concurred.

McKee, J., concurring.—Because the court erred in admitting evidence of damages sustained by the plaintiff upon non-riparian lands, and in awarding him damages for the same, I concur in the judgment.