[No. 11410. In Bank. — January 18, 1887.]

JOHN HEINLEN, RESPONDENT, *v.* AUGUST HEIL-BRON ET AL., APPELLANTS.

NEW TRIAL — NOTICE OF MOTION — VACATING DECISION. — A notice of intention to move for a new trial need not state that the party moving will ask that the verdict or decision be vacated.

PLEADING — OBJECTION TO PARTIES HOW RAISED — WAIVER. — Under the Code of Civil Procedure, all objections to the misjoinder or non-joinder of parties, either plaintiff or defendant, must be taken by demurrer or answer; otherwise the objections are waived.

ID. — MISJOINDER OF DEFENDANTS — INJUNCTION — DIVERSION OF WATER — NONSUIT. — In an action to restrain several defendants from diverting the waters of a stream, and to recover damages for past diversions, an issue raised by the answer as to the misjoinder of defendants becomes immaterial, when a nonsuit is granted as to the defendants alleged to be improperly joined.

ID. — DAMAGES TO LAND NOT DESCRIBED IN COMPLAINT — APPEAL FROM JUDGMENT. — In such an action, the plaintiff cannot recover damages for injuries caused by the diversion to lands owned by him which are not described in the complaint; and where the findings show that such damages were allowed, the error may be taken advantage of on an appeal from the judgment, notwithstanding the same is not specified as error in the bill of exceptions or statement on the motion for a new trial.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Brown & Daggett*, and *D. S. Terry*, for Appellants.

*Atwell & Bradley*, and *G. A. Heinlen*, for Respondent.

SEARLS, J.—This is an action to recover damages for the diversion of water from Cole Slough, or Kings River, and for a perpetual injunction restraining the defendants from diverting the waters thereof.

The cause was tried by the court, a jury having been waived, findings in writing filed, upon which judgment in favor of plaintiff was rendered for one hundred dollars damages, and awarding a perpetual injunction against defendants, restraining them from maintaining any dam or dams in Cole Slough or the channel thereof, or from in any manner interfering with the waters thereof, or obstructing or diverting the same from their natural channel, etc.

From this judgment, and from an order denying a new trial, defendants appeal.

It is objected on the part of the respondent that the notice of motion for a new trial (a copy of which is inserted in the bill of exceptions, and thereby made a part of the record) is insufficient, in that while it notified respondent that defendants would "make and submit to said court above named a motion for a new trial of said cause," and designated the grounds of said motion, yet did not specify that they would ask that the former verdict or other decision be vacated, etc.

The statute (Code Civ. Proc., sec. 657) provides that "the former verdict or other decision may be vacated, and a new trial granted on the application of the party aggrieved, for any of the following causes," etc.

The section quoted does not make provision for a notice of the motion, but section 659 requires that "the

party intending to move for a new trial must, within ten days after the verdict of the jury, or after notice of the decision, . . . . file with the clerk and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made," etc.

In *Bauder* v. *Tyrrel*, 59 Cal. 99, it was said: "The section regarding the notice of motion for a new trial does not require that the notice shall in terms contain a notice of motion that the decision should be vacated. The order granting a new trial does of itself vacate the decision. That must be its necessary effect; for how can there be a new trial if the former decision stands?"

In *Kimple* v. *Conway*, 69 Cal. 71, a notice of motion for "a rehearing or new trial" was construed to be a notice of motion for a new trial, and that the words "rehearing" and "new trial" were used as synonymous.

The language used in the notice indicated clearly the intention of the moving party; such notice was not defective in any of the specific requirements of section 659, and was therefore sufficient.

The complaint charges all the defendants jointly with having wrongfully built dams, headgates, etc., in Cole Slough, and a water ditch or canal therefrom, and thereby diverting a large portion of the waters thereof from plaintiff.

There were two answers filed in the cause; one by the defendants James and Burrell, and another by the defendants composing the firm of Poly, Heilbron & Co., in each of which answers said defendants pleaded a misjoinder of parties defendants.

At the trial a motion for nonsuit was made on the part of defendants James and Burrell, who had answered separately, which motion the court at first overruled, but subsequently granted, upon the ground that there was no sufficient evidence against them to make a case either for damages or for an injunction.

Thereupon, upon motion of the plaintiff, leave was granted by the court to amend the complaint by striking therefrom the names of said James and Burrell as defendants.

Defendants Heilbron, and others of the firm of Poly, Heilbron & Co., who had answered separately, also moved for a nonsuit, upon the ground that it appeared from the evidence that there was a misjoinder of parties defendants, in that the acts as proved showed separate and distinct wrongs and injuries committed by defendants James and Burrell, from those proven against these defendants, and that no collusion or joint injuries by all the defendants was proven, etc.

The court denied the motion, and its action is assigned as error.

*Misjoinder of Parties Defendant.*—In actions *ex contractu,* if too many parties were made co-defendants under the common-law rule, advantage could be taken of the misjoinder,—1. If the defect appeared on the face of the record by demurrer; 2. By motion for nonsuit at the trial; 3. By motion in arrest of judgment; or 4. By writ of error. (7 Taunt. 352; 1 Chit. Pl. 50, and cases cited.)

In actions *ex delicto,* no advantage could generally be taken by the defendant of a misjoinder of parties defendant, and the only effect of a misjoinder was that the parties who should not have been included in the action were entitled to a verdict at the trial. (Archbold's Pleadings, 72.)

To this general rule there was, however, the exception that where the tort could not, in point of law, be joint, as in case of slander and some others, the misjoinder was ground for demurrer, or after verdict for motion in arrest of judgment, or writ of error.

But in these exceptional cases, the objection was aided by the plaintiff's taking a verdict against one only, or, if several damages were assessed against each, by enter-

ing a *nolle prosequi* as to one after verdict and before
judgment.  (1 Chit. Pl., 16th Am. ed., 97, and cases
cited.)

If several persons jointly commit a tort, the plaintiff
in general has his election to sue all or some of the par-
ties jointly, or one of them severally, for the reason
that a tort is in its nature a separate act of each indi-
vidual.

It is consequently held that in actions in form *ex
delicto*, as trespass, trover, or case for malfeasance, against
one only for a tort committed by several, he cannot plead
the non-joinder of the others in abatement or bar of the
action, or give it in evidence under the general issue;
for the plea in abatement can only be adopted in those
cases where the parties *must* be joined, and not where
the plaintiff *may* join them or *not* at his option.

The rule as to the misjoinder and non-joinder of par-
ties plaintiff, in actions *ex delicto*, was quite different
from that governing the matter of defendants.

We need not define it here, and only refer to it for the
purpose of saying that the case of *Gillam* v. *Sigman*, 29
Cal. 639, relied upon by appellants, was one in which
there was an alleged misjoinder of plaintiffs.

Our code has so far modified the common-law rules
on the subject, that all objections to the misjoinder or
non-joinder of parties, either plaintiff or defendant, must
be taken by demurrer or answer, and if not so taken
they are waived.

In the present case, the defendants set up in their
answer the matter of which they complained.

Had the proofs shown the defendants guilty severally
of distinct wrongful acts, and had the court held them
jointly or severally liable therefor, the question involved
in *Keyes* v. *Little York*, 53 Cal. 734, and *Hillman* v. *New-
ington*, 57 Cal. 56, would arise.

But the action of the court below in granting a non-
suit as to the defendants James and Burrell, whom the

testimony failed to show as joint tort-feasors with the other defendants, eliminated this question from the case, and as there was testimony sufficient to hold the other defendants, there was no error in refusing the motion for nonsuit as to them.

In other words, the nonsuit as to James and Burrell was granted because the latter were not shown to have been guilty of the wrongful acts charged in the complaint, and a failure of proof against a defendant charged jointly with others does not support a plea in abatement based upon the theory that defendants are *several* and not *joint* trespassers.

It is next objected that the findings do not support the judgment; and among other objections thereto is one that the court finds the plaintiff to be the owner of say two thousand acres of land not described in his complaint, and awards damages to plaintiff for diverting water therefrom.

Turning to the complaint and comparing it with the findings, and we discover:—

1. That plaintiff describes the land of which he is seised and possessed by legal subdivisions, aggregating some ten thousand acres, a portion only of which the court finds him to own.

2. The court finds the plaintiff to be the owner of section 5, . . . . 21, west half of section 9, west half of west half of section 16, east half and southwest quarter of section 28, in township 19 south, range 20 east, aggregating over two thousand acres not described in the complaint or claimed by the plaintiff.

The court further found that defendants had obstructed Cole Slough so as to turn away and divert the waters thereof from the lands of plaintiff, and that by reason of the wrongful acts of the defendants in diverting the water, plaintiff has been damaged in the sum of one hundred dollars, for which sum judgment was rendered, etc.

A party who seeks to recover damages to land of which

he avers himself seised and possessed, and who only succeeds in establishing ownership to a part thereof, may have his damages for injury to such part, but we know of no rule by which he can show ownership of land and recover damages for an injury thereto which is not described in his complaint or claimed by him.

The findings as to such lands were without the issues, and the defendants were not sued for injury to them.

The plaintiff can only recover upon the cause of action set out in his complaint, and not upon some other which the proofs may develop. (*Mondran* v. *Goux*, 51 Cal. 151; *Heinlen* v. *Fresno Canal Company*, 68 Cal. 35.)

It was said in *Morenhout* v. *Barron*, 42 Cal. 605, "a finding is useless and idle unless the facts found are within the issues; and a judgment based upon such facts cannot be sustained."

It is urged by respondent that appellants cannot avail themselves of the supposed error, for the reason that they failed to specify the same as error in their bill of exceptions.

Where a motion is made for a new trial on the ground that the findings are not sustained by the evidence, the statement must specify the particulars in which the evidence is insufficient. (Code Civ. Proc., sec. 659; *Bate* v. *Miller*, 63 Cal. 233.)

So, too, when the notice designates as the grounds of the motion errors of law occurring at the trial and excepted to by the moving party, they must be specified in the statement, and if no such specifications are made, the statement is to be disregarded.

The error complained of is one which appears upon the face of the judgment roll, and if we disregard the bill of exceptions, it remains equally patent.

The appeal is from the judgment as well as from the order denying a new trial, and the error complained of is one which might have been inquired into had no motion for a new trial been made. It appears of record,

and requires no statement or bill of exceptions to make it apparent.

A decision and judgment in favor of a party upon a cause of action for which he has not sued, is a decision against law, and if not apparent on the record may be corrected by a motion for a new trial, in which the statement performs the office of making a record of that which was not so before; but where the facts are all of record, an inquiry may be had in this court into the regularity of the proceedings, equally without as with a motion for a new trial, provided, as here, there is an appeal from the final judgment.

The case of *Putnam* v. *Lamphier*, 36 Cal. 151, is in point.

The court said: "The point is made that the judgment is not authorized by the pleadings.

"This objection may be taken upon the judgment roll alone, whether there is a statement on motion for a new trial, or not. It is sometimes included among the grounds of the motion, but without any necessity, as it derives no support from the statement, and its omission in stating the grounds of the motion raises no presumption that it is waived."

The appellate court will take notice of errors appearing in the judgment roll, even if not named in the specification of errors in the statement. (*Shepard* v. *McNeil*, 38 Cal. 72; *Patterson* v. *Sharp*, 41 Cal. 133; *Sharp* v. *Daugney*, 33 Cal. 505.)

For the error indicated, we are of opinion the judgment and order of the court below should be reversed and a new trial ordered.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.

Rehearing denied.