[Sac. No. 372.    Department One.—November 30, 1898.]

ALLAN B. CLARE, Respondent, v. SACRAMENTO ELECTRIC POWER AND LIGHT COMPANY, Appellant.

NEGLIGENCE—INJURY FROM ELECTRIC WIRE—DAMAGES—SUPPORT OF VERDICT.—In an action to recover damages for an injury sustained from contact with a wire used to sustain one of the poles supporting a trolley wire, and which was so negligently placed as to become charged with electricity, a verdict in favor of the plaintiff for two thousand dollars' damages will not be disturbed upon appeal, if there was evidence tending to support the allegations of negligence, notwithstanding conflicting evidence to the contrary, and evidence authorizing the jury to find that the hearing in the left ear of plaintiff had been totally destroyed, the sight of his left eye seriously impaired, and his nervous system so permanently shocked as to impair his facility for transacting business.

ID.—DETERMINATION OF DAMAGE FOR PERSONAL INJURIES—DISCRETION OF JURY.—Compensation for personal injuries is not dependent upon the cutting off or diminution of wages by reason of the injury, nor is the amount thereof measured by the amount of income or wages lost. There is no standard by which permanent injuries to the person can be valued, and there can be no direct evidence of the amount of money which will compensate them; but it is sufficient to show the jury the extent of the injuries,

and the amount of their verdict is to be determined by an intelli-
gent discretion.  The amount will not be disturbed, unless it
is so excessive as to indicate passion or prejudice.

Appeal—Review of New Trial Order—Amendment of Statement.—
The action of the trial court in denying a motion for new trial is
to be reviewed upon appeal upon a transcript of the records of
that court.  The appellate court has no power to amend those
records, and cannot grant an amendment of the settled state-
ment on motion for a new trial, upon affidavits showing that
other instructions of the court were excepted to than those
shown in the statement.

APPEAL from a judgment of the Superior Court of Sacra-
mento County and from an order denying a new trial.  A. C.
Hinkson, Trial Judge; J. W. Hughes, Judge denying a new
trial.

The facts are stated in the opinion of the court.

L. T. Hatfield, for Appellant.

A. L. Hart, for Respondent.

HARRISON, J.—The plaintiff brought this action to recover
damages for an injury alleged to have been sustained by him by
reason of coming in contact with a wire used by the defendant to
sustain one of the poles by which its trolley wire is supported
and which had been so negligently placed that when the plain-
tiff came in contact with the wire he received a current of elec-
tricity with which it had become charged, and was thereby per-
manently injured.  The cause was tried by a jury, and a ver-
dict rendered in favor of the plaintiff for the sum of two thou-
sand dollars.

The fact as well as the extent of the plaintiff's injury, and
whether it was caused by reason of the electric current, as well
as whether the wire became charged with the electricity through
the negligence of the defendant, were the issues which were sub-
mitted to the jury, and upon which evidence was introduced by
each party.  The evidence on the part of the plaintiff tended to
support his allegations upon these issues, with which the evi-
dence on the part of the defendant merely created a conflict, and
the verdict of the jury thereon must be accepted as conclusive.

The jury were instructed that the plaintiff was not entitled to

exemplary damages, but only such as would reasonably compensate him for the injuries which he had received, and it is urged by the plaintiff that, inasmuch as there was no evidence before the jury tending to show the amount of pecuniary injury which he had sustained, the amount of the verdict is not sustained by the evidence; that as he did not show that his earning capacity had been diminished by reason of the injury, or that he had been subjected to any pecuniary outlay or detriment, the jury should have given a verdict for only nominal damages.

The evidence before the jury was such as to authorize them to find that the hearing in his left ear had been permanently destroyed, that the sight of his left eye had been seriously impaired, and that his nervous system had received a shock from which he might never recover, and which was such at the time of the trial as to impair his facility for transacting the business in which he had been engaged prior to the injury. In view of this evidence, it cannot be said that the jury disregarded the instructions of the court, or that the verdict is not sustained by the evidence. There is no standard by which the value of an eye, or of an ear, or of a limb can be computed, or which will determine the amount of money which will compensate a person for the loss or impairment of one of his senses. The right to compensation for a personal injury is not dependent upon the fact that the wages of the injured person were cut off or diminished by reason of the injury, nor is the amount of compensation for such injury to be measured by the amount of his income or wages. In cases of this character, there can be no direct evidence of the amount of damage sustained, or the amount of money which will be a compensation for the injury, but it is sufficient to show to the jury the extent of the injury, and the amount of their verdict thereon is to determined by the exercise of an intelligent discretion; and, unless the amount of the verdict is such as to indicate that it was given under passion or prejudice, it will be sustained. In view of the evidence in support of the injury to the plaintiff, the verdict in the present case cannot be regarded as excessive. (*Treadwell v. Whittier*, 80 Cal. 574; 13 Am. St. Rep. 175; *Morgan v. Southern Pac. Co.*, 95 Cal. 501; *Sloane v. Southern Cal. Ry. Co.*, 111 Cal. 668.)

Various exceptions were taken by the defendant to the rul-

ings of the court upon the admission of evidence, and we have carefully examined the record and the exceptions so taken, but find therein nothing deserving of extended consideration, or which would justify a reversal of the judgment.

The record also contains certain instructions given to the jury by the court, but does not show that any exception was taken thereto, except to those given at the request of plaintiff, and in these we find no error.

The appellant has filed certain affidavits to the effect that other instructions of the court were excepted to on its behalf, and has asked that the statement on motion for a new trial be amended so as to show that fact. It is sufficient to say that the action of the trial court is to be reviewed here upon a transcript of the records of that court, and that we have no power to amend those records.

The judgment and order are affirmed.

Garoutte, J., and Van Fleet, J., concurred.