[Civ. No. 3180.   Second Appellate District, Division Two.—February 2, 1920.]

## CHARLES GRANT, a Minor, etc., Respondent, v. LOS ANGELES TRANSFER COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—DAMAGES FOR PERSONAL INJURIES—EXCESSIVE VERDICT—SUCCESSIVE DETERMINATIONS—ABSENCE OF PASSION OR PREJUDICE.—Where three juries and two judges, in successive trials and new trial proceedings, have determined that a specified sum is not too great a compensation for injuries received by the plaintiff through the negligence of the defendant, the appellate court would be going far afield to assume, as a matter of law, that all of these—the three juries and two judges—were moved to reach their conclusions "under the influence of passion or prejudice."

APPEAL from a judgment of the Superior Court of Los Angeles County.  Leslie R. Hewitt, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Hickcox & Crenshaw and George H. Moore for Appellant.

E. B. Drake for Respondent.

THOMAS, J.—This is an action brought to recover damages for the negligence of defendant. A verdict in the sum of ten thousand dollars was awarded plaintiff, and judgment was entered accordingly. There was a motion for new trial, which was denied. The appeal is from the judgment.

From the record we find that, on January 16, 1917, plaintiff, a minor, was injured in an accident at the corner of Ninth and Los Angeles Streets, in the city of Los Angeles, through the admitted negligence of the defendant. The plaintiff was taken to the city receiving hospital, was there given temporary aid and assistance, and then removed · to the county hospital. The injury consisted of a compound fracture of the tibia and fibula, and a crushing injury to the left leg, just below the knee. The boy was extremely ill when first taken to the hospital, and required stimulation, which was given him by injecting salt solution into

his veins. Infection thereafter set in, and his life was in danger. It was some time before the infection began to subside, after which the injured gradually improved. Since that time his general condition, which was very poor, has been continually improving. It is claimed by appellant that there will be no permanent injury, "except, perhaps, a slight shortening of the leg, but this is indefinite."

[1] Appellant informs us that the judgment appealed from is the result of a third trial. The first trial was had on June 7, 1917, when a verdict of fifteen thousand dollars was rendered. This verdict, however, was set aside by the trial judge, the Honorable Frederick W. Houser, and a new trial ordered because the verdict was excessive. Shortly thereafter, and as the parties were about to try the case anew before the same judge without a jury, the court stated that without further proof than was offered at the former trial he would enter judgment for ten thousand dollars. Thereupon defendant objected to his trying the case, and the matter was transferred to another department of the same court, where, on the sixth day of September, 1917, it was tried before the Honorable Leslie R. Hewitt, judge, and a jury, the result of which was a verdict in favor of plaintiff in the sum of ten thousand five hundred dollars. The court thereafter denied a motion for a new trial, but, upon the discovery that an instruction had been given which jeopardized the verdict, by consent of counsel for both parties, a new trial was ordered. Trial was again had, on January 17, 1918, resulting in a verdict for plaintiff in the sum of ten thousand dollars; the judgment entered in accordance therewith is the subject of this appeal.

The only evidence in the case is as to the extent and probable duration of plaintiff's injuries.

Only one point is raised by the appeal, namely, that "the amount of the verdict was excessive and was given under the influence of passion or prejudice."

We have read the entire record, and are not able to agree with appellant in its contention. No good purpose can be served by discussing the evidence, or any part thereof, or in dwelling long upon or giving a verbose statement of our reasons for the conclusion reached. Suffice it to say that we have presented to us here the fact that three juries and two trial judges have passed upon the

case at different times, and that each and all of them have concluded that ten thousand dollars was not too great a verdict to be awarded herein. Under this state of the record, coupled with the fact that "it has been repeatedly said by the courts, as well as the text-writers, that 'in actions for personal torts the law does not attempt to fix any precise rules for the admeasurement of damages, but from the necessity of the case leaves their assessment to the good sense and unbiased judgment of the jury,' and that the appellate tribunal 'will not interfere in such cases unless the amount awarded is so grossly excessive as to shock the moral sense and raise a reasonable presumption that the jury, in reaching their verdict, were actuated by passion or prejudice.'" (*Scraggs* v. *Sallee,* 24 Cal. App. 133, [140 Pac. 706]), we think it would require an exceedingly strong case to move an appellate court to set aside the verdict for the reasons urged. It would be going far afield, in our opinion, in the face of these facts, to assume, *as a matter of law,* that all these—the three juries and two judges—were moved to reach their conclusions "under the influence of passion or prejudice." No such case is here presented.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.