[Civ. No. 5895.   Third Appellate District.—February 25, 1938.]

HELEN TRIPCEVICH et al., Respondents, v. FRED E. COMPTON et al., Appellants.

Butler, Van Dyke & Harris for Appellants.

Robert M. Holstein for Respondents.

PULLEN, P. J.—Respondents herein are the husband and grandchildren of Angie Nicovich, who brought this action to recover damages for her death. The death was caused, as alleged in the complaint, by the negligent operation of an automobile owned by Evelyn Compton, and being then driven by Fred E. Compton. Upon the trial a jury returned a verdict in favor of plaintiffs for $600. Deeming the award inadequate, plaintiffs filed the following notice of intention to move for a new trial:

"You and each of you will please hereby take notice that plaintiffs above named intend to and will move the above entitled court to vacate and set aside the verdict heretofore rendered in this action and the judgment entered thereon and to grant said plaintiffs a new trial herein on the sole issue of damages, on the following grounds. . . . '', specifying among others, that of insufficiency of the evidence to sustain or justify the verdict.

Thereafter the court made the following order:

"Good cause appearing therefor it is hereby ordered that plaintiffs' motion for a new trial in the above entitled action be and the same is hereby granted upon the ground of insufficiency of the evidence to justify or sustain the verdict."

In due time defendants moved for relief under section 473 of the Code of Civil Procedure upon the ground the order was inadvertently made. This motion was denied, and from the order vacating and setting aside the verdict, and judgment, and from the order granting a new trial this appeal is taken.

It is the contention of appellants that the order granting the new trial is inadequate and uncertain in that it purports to set aside the verdict and the judgment in their entirety, and then attempts to grant a retrial as to the issue of damages only.

With this limited construction of the orders we cannot agree. The notice of intention, which under section 659 of the Code of Civil Procedure is also deemed to be the motion, clearly requests a new trial upon the sole issue of damages, and in construing the order we must do so within the limits set up in the motion; therefore construing the two together, the intention of the court and counsel for respondents is plain.

In *Locke* v. *Moulton*, 96 Cal. 21 [30 Pac. 957], the court had before it the following notice of motion.

"You will please take notice that the defendants and each of them intends to move the court to set aside and vacate the judgment rendered and entered herein, and to grant a new trial in this case. . . . "

In upholding the sufficiency thereof it was said:

"In *Bauder* v. *Tyrrel*, 59 Cal. 99, it was held that it was not necessary for the notice of intention to move for a new trial to contain in terms a notice of intention to move that the decision should be vacated; that the order granting a new trial does of itself vacate the decision.

"This case was cited and followed in *Heinlen* v. *Heilbron*, 71 Cal. 557 [12 Pac. 673], in which the notice was, that defendants would 'make and submit to said court above named a motion for a new trial of said cause', designating the grounds of the motion. If, therefore, as was held in *Bauder* v. *Tyrrel*, 59 Cal. 99, it was not necessary that the notice in terms included the vacation of the decision, the notice in the case at bar is sufficient, and that part of the notice referring to the vacation of the judgment may be treated as surplusage; for if that part of the notice were stricken out, it would leave the notice precisely within the case of *Heinlen* v. *Heilbron*, 71 Cal. 557 [12 Pac. 673]."

It would seem from the foregoing that it is not necessary that the notice should state that the motion was made to have the verdict and judgment vacated in whole or in part, for the vacation of the verdict and judgment in fact is a necessary consequence of granting a new trial as to the issue of damages only.

■ Appellants also contend the granting of a new trial was an abuse of discretion. They concede the verdict of $600 for the loss of a wife and grandmother, who had taken , the place of mother to one of the plaintiffs, was inadequate, but interpret the award as indicating a compromise verdict and not a determination of either the issue of damages or

liability, and cite in support of this contention *Bencich* v. *Market Street Ry. Co.*, 20 Cal. App. (2d) 518 [67 Pac. (2d) 398], and *Donnatin* v. *Union Hardware & Metal Co.*, 38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845].

Whichever of the foregoing cases may correctly state the rule in California, it is still within the discretion of the trial court to grant a new trial upon the ground of insufficiency of the evidence, and, here, after examining the entire record, we find no abuse of that discretion.

The order from which the appeal is taken is affirmed.

Thompson, J., and Plummer, J., concurred.