[Civ. No. 1891. Fourth Appellate District.—June 29, 1938.]

LESLIE SASSANO, a Minor, etc., Appellant, v. JOEL ROULLARD, Respondent.

Arthur Frame for Appellant.

W. M. Conley, Philip Conley, Matthew Conley, and Conley, Conley & Conley for Respondent.

MARKS, J.—This is an appeal from a judgment in the sum of $250 in favor of Leslie Sassano, a minor of the age of seven years, for damages awarded him for injuries suffered in an automobile accident which occurred on November 11, 1936, on Herndon Avenue in Fresno County. Leslie's forehead and nose were cut by flying glass. The wound has completely healed. He suffered no permanent ill effects from the cut except a scar that will remain with him through life.

Plaintiff has appealed from the judgment and in his brief argues two questions: (1) That the evidence is sufficient to support the implied finding of the jury that the negligence of defendant was the proximate cause of the accident, and, (2) that the damages awarded were grossly inadequate and were a result of a compromise on the question of the negligence of defendant being the proximate cause of the collision.

We are not here concerned with the question of the sufficiency of the evidence to sustain the implied finding of the jury that the negligence of defendant was the proximate cause of the accident. Defendant has not appealed and the correctness of that implied finding is not challenged by him. Under this state of the record the rule controlling is stated in *Donnatin* v. *Union Hardware & Metal Co.,* 38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845], as follows:

"The verdict of the jury in favor of plaintiff implied findings adverse to the defendant upon the issue as to its own negligence and plaintiff's alleged contributory negligence. By its failure to appeal or ask for a new trial, these implied findings, if fairly made, must be deemed a final determination of such issues as fully as though defendant, after filing its answer, had stipulated to the facts so found."

The principal question for our consideration is that of the adequacy of the damages to compensate for the injuries suffered. In considering this question we must bear in mind the firmly established rules that the jury is the judge of the weight and sufficiency of the evidence and the credibility of the witnesses; that the question of the award of damages and their amount is primarily one for the jury; that on a motion for new trial the trial judge sits as a thirteenth juror; that it becomes his duty to again weigh the evidence and its suffi-

ciency and measure the credibility of the witnesses; that in so doing it is also his duty to consider the adequacy or inadequacy of the amount of damages awarded; that if he finds the damages either excessive or inadequate it is his duty to grant a new trial either generally or upon the special issue of the amount of damages or himself reduce excessive damages.

Doing justice between litigants is the prime object of the law. It is in the trial court that this object should be sought and can be obtained by a trial judge who will fearlessly perform the duties of his office and who will exercise a reasonable and lawful control over verdicts. This is a responsibility that cannot be shifted to an appellate court. It rests on the shoulders of the trial judge and no other for the power of appellate courts to control the amount of damages awarded comes into play only when the facts before it are such as to suggest passion, prejudice or corruption on the part of the jury. (*Morris* v. *Standard Oil Co.,* 188 Cal. 468 [205 Pac. 1073]; *Bisinger* v. *Sacramento Lodge No. 6,* 187 Cal. 578 [203 Pac. 768]; *Hale* v. *San Bernardino etc. Co.,* 156 Cal. 713 [106 Pac. 83]; *Webster* v. *Harris,* 119 Cal. App. 46 [6 Pac. (2d) 88].)

The description in the record of the injuries suffered by Leslie are meager. We know that there was a lacerated cut on the right side of his forehead running from the hair line into his eyebrow and a minor cut on his nose. We also know that the only lasting result will be a scar. We do not know the size nor the appearance of the scar. We can find no effort to describe it in the record.

The child was a witness in the case and both the jurors and the trial judge saw the scar. What they saw was evidence. In the absence of any sufficient description of the scar in the record we must presume that what they saw supported the verdict and judgment (*Ethel D. Co.* v. *Industrial Acc. Com.,* 219 Cal. 699 [28 Pac. (2d) 919]), or in other words, that the scar was not a serious blemish and that the permanent damages suffered were slight.

Of course there were no special damages alleged or attempted to be proved. The cost of medical attention for the child was a charge against his parents. He was in the second grade in school and did not lose his standing because of the injuries. The damages awarded were general.

There is no fixed standard by which we may determine the exact amount of money that will compensate one for an injury. (*Clare* v. *Sacramento etc. Co.*, 122 Cal. 504 [55 Pac. 326].) In the absence of such a standard or precise rule the assessment of the amount of general damages of necessity and to a large extent must be left to the good sense and sound discretion of the jury. (*Grant* v. *Los Angeles Traction Co.*, 45 Cal. App. 731 [188 Pac. 294].) As we have already seen, it is only when the amount of the award indicates passion, prejudice or corruption on the part of a jury that an appellate court can interfere with the amount of an award.

We must admit that the amount of damages awarded here was small but in view of the meager description of the injuries in the record we cannot say that the amount, standing alone, indicated passion, prejudice or corruption on the part of the jury. This is especially true in view of the fact that the trial judge denied plaintiff's motion for new trial. If the jury had made a mistake in the amount of the award it became the duty of the trial judge to correct it. He approved the verdict and its amount by denying the motion for new trial.

Plaintiff calls attention to the following remarks of the trial judge made just after the jury had returned its verdict:

"Ladies and gentlemen of the jury, I hardly ever criticize the verdict of the jury. I think I did it once long ago in my own court in Merced county. Of course I think nearly any person would say if he is entitled to anything he is entitled to more than $250. Now that scar on his face is going to last him throughout his life. It is a compromise verdict, I guess. Now I hardly think right now that I will disturb your verdict, but I know that it isn't adequate at all if he is entitled to anything. Now on that point, on that question, you see I haven't a very strong impression in reference to that. In this case that was rendered in my county recently, why they admitted negligence and the only question was the amount of damages, and it was absolutely entirely inadequate. And I just granted a new trial on that ground. I guess a good many of you thought that maybe he wasn't entitled to any damages at all, very doubtful in this case. And that is the reason you brought in such a small verdict. Now you know if it was your own child and you wanted to assess

the real damages to him, the actual damage, you know that it is more than $250. And I am not going to ask you to agree with me, but you know it, of course. You wouldn't carry that scar for several thousand dollars, any of you, I know it positively. Well now I am not censuring you very badly because some of you think maybe he wasn't entitled to anything at all and you just sort of compromised. I am saying this because this accident here, I don't know for sure whether he is entitled to anything or not, but I know this, if he is entitled to anything he is entitled to 10 times that sum, easily. Yes, easily so.''

It is argued that it must be concluded from the foregoing statement that the verdict was inadequate and that it was the result of a compromise within the rule announced in the case of *Bencich* v. *Market St. Ry. Co.*, 20 Cal. App. (2d) 518 [67 Pac. (2d) 398]. Of course, the trial judge's statement supports both of those arguments.

The question for us to decide here is not what were the views of the trial judge immediately after the verdict was announced, but what they were when he ruled on the motion for new trial after the lapse of time had given him occasion for mature reflection and study on the question. If he entertained those views when he ruled on the motion he should have promptly granted a new trial. Otherwise he would have been derelict in his duty. We must presume that in ruling on the motion for new trial the trial judge faithfully performed his duty. (*Olinger* v. *Pacific Greyhound Lines*, 7 Cal. App. (2d) 484 [46 Pac. (2d) 774].) In other words, we must conclude that after mature reflection the judicial mind had been changed and that the views expressed when the verdict was received were no longer the views of the judge. We make these observations with the rule in mind that the oral or written opinion of a trial judge stating his reasons why he did or did not take a certain action are not controlling on appeal.

Since the decision of *Bencich* v. *Market St. Ry. Co.*, *supra*, it has been frequently argued that verdicts were the results of compromises on the part of jurors. We have had occasion to observe that where, as in the Bencich case, special damages proved were admittedly in excess of the amount of the verdict rendered, there was strong evidence of a compromise on the part of certain jurors who did not believe that any verdict

should have been returned in favor of plaintiff. (*Wallace v. Miller*, 26 Cal. App. (2d) 55 [78 Pac. (2d) 745].) On the other hand, where the general damages awarded were small, but to a certain extent compensatory, no such conclusions follow. (*Tripcevich* v. *Compton*, 25 Cal. App. (2d) 188 [77 Pac. (2d) 286]; *Zeller* v. *Reid*, 26 Cal. App. (2d) 421 [79 Pac. (2d) 449].) It may be very generally stated that where general damages alone are involved an appellate court should be slow to conclude that a verdict is a result of a compromise simply because the amount of the award is small. Instead, it should generally govern its actions by those rules we have already set forth concerning grossly excessive or grossly inadequate verdicts.

Under the facts before us we cannot conclude that the award, though small, indicates passion, prejudice or corruption on the part of the jury, or failure on the part of the trial judge to perform his duty. Because of the small amount of the verdict we cannot presume he committed prejudicial error when he denied the motion for new trial.

Judgment affirmed.

Barnard, P. J., concurred.