[Civ. No. 17914.   First Dist., Div. Two.   July 3, 1958.]

IRVING HAHN, Appellant, v. C. R. REICHEL ENGINEER-
ING COMPANY (a Corporation) et al., Respondents.

Delany, Fishgold & Freitas, John T. Conway and Matthew
M. Fishgold for Appellant.

Boyd & Taylor and Frederic G. Nave for Respondents.

DRAPER, J.—This is a personal injury action. Plaintiff's
taxicab was stopped.   A panel truck owned by defendant
corporation and driven by the individual defendant backed
into the cab.   Plaintiff sued for damages, alleging that his
back was injured.   Jury verdict was in favor of plaintiff
for $2,000.   Plaintiff appeals, urging only that the award of
damages is inadequate.

Plaintiff contends that the evidence shows without contradiction that special damages (doctor's fees, physiotherapy, etc.) amounted to $950.23, and that loss of earnings as a result of the injury is at least $2,036. If this contention is sustained by the record, these damages alone, without any award for pain and suffering, would exceed the amount awarded. In such case, reversal would be required. (*Bencich* v. *Market St. Ry. Co.*, 20 Cal.App.2d 518 [67 P.2d 398].) Defendant, however, argues that special damages were but $336.51, and that loss of earnings amounted to only a few weeks at $55-$65 per week.

The issue turns upon the extent of plaintiff's injury and the length of time he suffered from it. In reviewing the record the facts most favorable to respondent on the issue of damages must be considered. (*Gersick* v. *Shilling*, 97 Cal. App.2d 641, 645 [218 P.2d 583].)  Here there is evidence that the impact of the collision of September 17, 1954, was minor; that plaintiff immediately after the accident said he was uninjured; and that he did not seek any medical attention for some three weeks. There is also evidence that the physician then attending him told him to return to work October 25. The same doctor testified that by May 12, 1955, plaintiff had recovered from the lumbar back strain he suffered in this accident. Plaintiff himself conceded that a substantial part of his absence from work was without the permission and against the orders of his doctor.

Of course, there was much evidence contrary to that summarized above, and some of the evidence we have summarized is subject to contrary inferences. These questions, however, were for the jury (*Sassano* v. *Roullard*, 27 Cal.App.2d 372, 373 [81 P.2d 213]), which impliedly resolved them against plaintiff. Upon the view of the facts which the jury could justifiably adopt, the special damages and lost earnings were small, and the excess of the award over these items was adequate to cover damages for pain and suffering. The issue was presented to the trial court on motion for new trial which was denied. We find no ground for holding that the amount of the award was the result of passion or prejudice, and we therefore have no reason to disturb the judgment.

Judgment affirmed. Purported appeal from order denying new trial dismissed.

Kaufman, P. J., and Dooling, J., concurred.