[Civ. No. 2817. First Appellate District, Division One.—April 24, 1919.]

HELEN H. WARNER et al., Respondents, v. INA BERTHOLF, Appellant.

[1] NEGLIGENCE — CONFLICTING EVIDENCE — FINDINGS—APPEAL.—In an action for damages for personal injuries sustained through having been struck by an automobile, the findings of the trial court based on conflicting evidence may not be disturbed on appeal.

[2] ID.—USE OF STREET BY PEDESTRIAN.—A pedestrian has a right to the use of the street in the pursuit of her intention to board a street-car.

[3] ID.—DUTY OF PEDESTRIAN BOARDING STREET-CAR.—Where a street-car which a person desires to board stops some distance beyond the customary stop-sign, such person, after she has once assured herself that no automobile or other vehicle is approaching on her side of the street, is not bound to continue looking behind her while walking along the street in order to board such car.

[4] ID.—DUTY OF AUTOMOBILE DRIVER.—It is the duty of the driver of an automobile to see persons on the road in front of her where her view is unobstructed.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Albert H. Elliot for Appellant.

Albert E. Carter and John D. Murphey for Respondents.

WASTE, P. J.—This is an appeal by the defendant from a judgment had by plaintiff for damages for personal injuries suffered when the plaintiff was struck by' the automobile of the defendant.

As we read the record, it was stipulated by the attorney for the defendant that, if any judgment at all should be rendered or entered against the defendant, the judgment of six hundred dollars, awarded plaintiff in this case, is not excessive, and is proper so far as the amount of the damage is concerned.

Plaintiff was standing on the easterly side of College Avenue, in the city of Berkeley, intending to board a south-bound car, which she saw approaching on the westerly, or south-bound, track. She crossed the street in front of the approaching car, signaled the motorman to stop, and stood waiting for the car to pass. As she so stood, she looked northerly on College Avenue and saw no automobile or vehicle approaching. As the street-car passed her, it slowed down, then being some distance north of the customary stop-sign. It passed plaintiff, who turned and walked southerly along with the car. At this time she was midway between the side of the car and the westerly curb line of the street. She was facing and walking south and her back was to the north. While walking in this direction, she was suddenly struck in the back by the automobile of the defendant, and suffered the injuries complained of, and which resulted in the judgment which is brought here for review on this appeal.

[1] The testimony of the plaintiff, as to her position in the street at the time of the accident, and her movements just prior thereto, is corroborated in detail by the testimony of the motorman of the car, and by the conductor, as to the point in the street where she was struck.

According to the testimony of defendant and one of her witnesses, plaintiff stepped from the westerly curb of the street, directly in front of the approaching automobile. This conflict in the evidence was reconciled by the trial court, as it was its duty to do, and we cannot disturb its finding on that point. In view of the evidence, which the trial court

found to be true, we see no merit in this appeal. [2] The plaintiff had a right to the use of the street in the pursuit of her lawful intention to board the street-car. [3] We find no support in appellant's authorities, under the facts of this case, of the contention made here that it was the duty of the plaintiff, after she had once assured herself that no automobile or other vehicle was approaching, not to walk along and with the street-car without at all times looking behind her. (*Raymond* v. *Hill,* 168 Cal. 473, [143 Pac. 743].) [4] It was the duty of the defendant, in driving her automobile, to see persons on the road in front of her, where, as in this case, her view was unobstructed. (*Barker* v. *Savas* (Utah), 172 Pac. 672.)

The judgment is affirmed.

Richards, J., and Nourse, J., *pro tem.,* concurred.