[S. F. No. 12274. Department One.—April 11, 1928.]

FRANK COONEY, Respondent, v. A. O. PIRRELLI et al., Appellants.

J. Hampton Hoge for Appellants.

Ford, Johnson & Bourquin for Respondent.

SEAWELL, J.—On the evening of August 2, 1925, respondent, Frank Cooney, his wife and child and William Aspe and wife, respondent's stepfather and mother, respectively, and Mr. and Mrs. William Schnorr, father-in-law and mother-in-law, respectively, of respondent, were occupants of a Stephens seven-passenger automobile returning from a trip to Stanislaus County to San Francisco. When near Livermore, Alameda County, respondent, who was at the wheel, pulled off and clear of the paved portion of the highway by two feet, stopped his car, set his brakes and got out to examine the mechanism, which was not functioning properly. The hour was between 8 and 9 o'clock at night. Both front and rear lights were burning. The automatic starter having failed to work, respondent stepped to the front of the car to crank it, when his car was struck with great violence by a Moon sedan machine driven by appellant, who, from some unexplained circumstance, had left the paved portion of the highway and struck respondent's car from the rear, forcing it forward with such force as to throw respondent down. The car passed over his body, thereby causing the injuries complained against.

■ At the trial appellant admitted the allegations of the complaint charging negligence and carelessness on his part and thereby narrowed the issues to the extent of the injuries suffered. The instruction of the court, framed upon the admissions of counsel, is now objected to on the ground that no admission was made that respondent suffered any injuries which were the approximate result of appellant's negligence. The instruction, together with the colloquy that occurred between court and counsel for respondent at the time said instruction was given, follows:

"You are instructed that by reason of the admissions of negligence made by the defendant, that there is but one issue for you to determine in each of these cases, namely, the amount of damages to be awarded to the respective plaintiffs—I am afraid of that, Mr. Johnson. I will withdraw that instruction.

"Mr. Johnson: The amount of damages, if any, would cure any possible uncertainty.

"The Court: You are instructed that by reason of the admissions of negligence made by the defendant, that there is but one issue for you to determine in each of these cases, namely, the amount of damages to be awarded to the plaintiff Cooney, and the amount of damages, if any, to be awarded to the plaintiff Aspe.

"In the case of Frank Cooney, in assessing damages that you should award him you should take into consideration the character of the injury sustained by him, the nature, extent and severity of the injury sustained, and whether the same is temporary or permanent in its character. In estimating the amount of such damages you may consider the physical and mental pain suffered, if any, the extent, nature and character of suffering, mental or physical, if any, and its duration and severity. You may also consider any physical pain or mental pain, if any, which you believe from the evidence the plaintiff, Frank Cooney, is reasonably certain to suffer in the future."

We have given sufficient of the instruction to show that the court did not assume that the respondent had suffered a compensable injury. The instruction, as shown by the reproduced portion and as appears in the portions we have omitted, in speaking of the alleged injuries, uses the quali-

fying term "if any" [injuries] were sustained. There was no unqualified assumption by the court of the existence of any fact not proved. We think, however, from the admissions of counsel and in view of the uncontroverted evidence that the court could properly have assumed that the respondent suffered injuries to some extent by reason of appellant's admitted negligence. The following colloquy, which occurred between counsel for appellant and respondent and the court, would justify such an assumption:

"Mr. Hoge: The defendant admits all of the allegations of the complaint except the allegations as to injuries. We will place before the jury merely the question as to what injuries these people sustained. I have been so instructed. I desire to make the statement that the admission of the allegations of the complaint is made with the consent and under the direction of my clients who are present in court. I want to say that for my own protection.

"The Court: The allegations as to the accident itself?

"Mr. Hoge: The allegations as to the accident itself. We do not admit the allegations as to the injuries and we do not admit the truth as to the opening statement made by Mr. Johnson.

"The Court: Then there will be no issue before the jury except as to the extent of the injuries?

"Mr. Hoge: Yes."

That counsel admitted that respondent sustained injuries as the proximate result of the appellant's negligence and disputed merely the extent of the same, as he was compelled to do under the convincing proofs in the case, seems clear.

There is no merit in the complaint that appellant was prejudiced because inadvertently it was brought to the attention of the jury that respondent was an "overseas" man. Appellant, in an attempt to show respondent's previous impaired state of health, first brought to the jury's attention the fact that respondent had performed overseas service in the world's war. Nor is there any merit in the claim that appellant suffered prejudice by permitting the respondent, when a witness, to answer that his wife and child were with him at the time the injuries were inflicted. Appellant's objection to this testimony was on the theory that sympathy was unduly created by showing that respondent was the head of a family.

Complaint is made that the award of damages, which was for the sum of $7,500, was excessive and the result of passion and prejudice on the part of the jury. (Sec. 657, subd. 5, Code Civ. Proc.) The injuries consisted in three lacerated cuts upon the head, concussion of the brain, fracture of the third rib, resulting in an injury to the lungs by puncture, an injury to the lining of the knee joint, breaking of the bones of the nose, and a separation from the nasal plate and numerous bodily bruises and contusions. One physician testified that he was permanently affected and liable to blood-stream infection, and while he could not testify that respondent was suffering from a serious lung infection at the time he examined him, there was a possibility that the injury to the lung had rendered him more susceptible to lung infection. Respondent was confined to a hospital for a period of two months on account of the knee injury and complained of having suffered pain in and weakness of said knee by reason of said injuries. Respondent was a truck driver by occupation and naturally a weakened condition of the knee would seriously impede his usefulness in the performance of his labors as a truckman. While the damages were doubtless sufficient, we have no comparative method by which damages for injuries such as those described in the evidence can be measured and must repose much in the conscience of the trial judge who saw the parties to the action and heard the evidence. Mere remote possibility of future ill effects are not sufficient to justify a jury in enhancing its award. We cannot say, however, in the instant case that the amount of the award, as a matter of law, was excessive, considered with respect to the injuries actually suffered.

Judgment affirmed.

Curtis, J., and Preston, J., concurred.