[S. F. No. 12274a. Department One.—April 11, 1928.]

WILLIAM ASPE, Respondent, v. A. O. PIRRELLI et al., Appellants.

J. Hampton Hoge for Appellants.

Ford, Johnson & Bourquin for Respondent.

SEAWELL, J.—This case, by reason of having been tried with case No. S. F. 12274, was not given a number. For purposes of identification it will be numbered S. F. No. 12274a.

William Aspe, respondent herein, was an occupant of the automobile driven by Frank Cooney, on August 2, 1925, which was struck from the rear by a Moon sedan driven by said A. O. Pirrelli. The facts are described in the case of *Cooney* v. *Pirrelli*, S. F. No. 12274, *ante*, p. 4 [266 Pac. 273]. Said William Aspe and his wife, Louise, were seated on the back seat. The rear end of the car was struck by appellant's car with such force as to wreck it.

This cause, which was also one for personal injuries received by reason of the negligence of appellant, and S. F. No. 12274, *supra*, were tried at the same time by stipulation of the parties to both actions, the jury returning separate verdicts. The issues, admissions, and facts were the same in both causes, except as to the character and extent of the injuries received by the respective plaintiffs in said respective causes. Respondent Aspe alleged in his complaint that he

was thrown forward with great force and violence by the impact of appellant's automobile striking the automobile in which he was sitting, and thereby sustained a severe sprain of the back and suffered and continues to suffer much pain and anguish and a severe nervous shock by the negligent acts of appellant as described in said case S. F. No. 12274. The jury returned a verdict in his favor in the sum of $500.

 A separate appeal was taken to this court. The decision of the cause last cited is decisive of every issue raised upon this appeal except as to the extent of the injuries suffered by reason of the negligent acts of appellant, which includes the question of excessive damages which are claimed to have been given under the influence of passion and prejudice. The respondent, who was a drayman, testified that, by reason of the shock of the impact heretofore described, he has since suffered pain in the region of the back and shoulders to the extent that he has been incapacitated from doing the work which he formerly did in his business. His testimony is to the effect that he suffered pain as a result of his injuries and that his physician had "strapped" him up quite severely as a part of the medical treatment. There is nothing before us by which we can say that the amount of the award was influcnced by passion or prejudice.

Case S. F. No. 12274 necessarily compels an affirmance of the judgment in the instant case. The judgment is, therefore, affirmed.

Curtis, J., and Preston, J., concurred.