[Civ. No. 3590. Third Appellate District.—February 19, 1929.]

FRED SYMONS et al., Respondents, v. J. H. WOODEN et al., Appellants.

Everts, Ewing, Wild & Everts, A. W. Carlson, Frederick W. Docker and H. K. Landram for Appellants.

F. W. Henderson for Respondents.

FINCH, P. J.—The complaint alleges damages sustained in an automobile collision caused by the negligence of the defendants as follows: damage to plaintiffs' automobile, $573.15; loss of use of the automobile for 16 days, $80, and damage to a tire and tube, $20.85. Verdict and judgment went for the plaintiffs for the total amount demanded and the defendants have appealed.

In his opening statement to the jury counsel for the plaintiffs stated that at a time subsequent to the collision the plaintiffs informed defendant Hanby of the amount of the damage to their automobile and that Hanby replied: "Don't pay any of the damages, we are carrying insurance, we are fully protected, don't pay the repair bill, present your bill to the surety company, it will be paid." Evidence to the same effect was introduced. Defendants made no objection to the opening statement or to the evidence referred to when it was offered. Objection was first made when counsel for the plaintiffs commented on such evidence in his argument to the jury. The court instructed the jury "that you are not concerned with the matter or fact of whether

the defendants did or did not carry liability·insurance, . . . and it is your duty to determine the liability of the defendants in this case independently of and without consideration of, their being insured, or not being insured." In his argument to the jury counsel for plaintiffs stated that Hanby's statement was material as an admission against interest. The decisions support this contention. (*Lahti* v. *McMenamin,* 204 Cal. 415 [268 Pac. 644]; *Dullanty* v. *Smith,* 203 Cal. 621 [265 Pac. 814]; *McPhee* v. *Lavin,* 183 Cal. 264 [191 Pac. 237].)

■ At the place where the collision occurred there was a water wagon on one side of the highway, the wheels of which on one side thereof extended a few inches inside the edge of the pavement and another obstruction covered a few inches of the other side of the pavement, the space through which the two automobiles had to pass being narrowed accordingly, although such space was somewhat greater than the combined widths of the two automobiles. While defendants were endeavoring to prove the width of the wagon tires and the distance which the hub caps protruded into the highway, the court said: "Of course, I don't know—on the testimony, you never have shown but what there was plenty of room for automobiles to pass there. I don't know what it is all about, plenty of room for automobiles to pass, you all agree?"

Appellants contend that such statement of the court constituted prejudicial misconduct. No objection was made at the time, however. No exception was taken by the defendants and no request was made for an instruction to the jury to disregard the statement. Under the circumstances stated it cannot be held that the statement of the court was of such a prejudicial character as to require a reversal of the judgment.

■ Appellants contend that error was committed in the manner of proving that the plaintiffs suffered damage in the sum of $80 on account of the loss of the use of their automobile during the 16 days required to repair it. It is further urged that the evidence does not show liability on the part of defendant Wooden, who was driving the automobile in which both of the defendants were riding at the time of the collision. Both of these contentions are so obviously without merit that no discussion thereof is considered neces-

sary. The implied findings of the jury on these issues are amply supported by competent evidence and if there was any technical error in the introduction of evidence, the defendants suffered no possible prejudice on account thereof.

The judgment is affirmed.

Plummer, J., concurred.