[Civ. No. 3672. Third Appellate District.—March 1, 1929.]

R. GRANT POTTER, Respondent, v. EARL P. DRIVER, Appellant.

Driver & Driver & Tade, J. Hampton Hoge and Johnson & Lemmon for Appellant.

White, Miller, Needham & Harber for Respondent.

JAMISON, J., *pro tem.*—Respondent brought this action for damages for alleged injuries sustained by him when he was struck by an automobile operated by appellant. The trial was before a jury, and judgment was entered in favor of respondent for $3,750 against appellant only, the case having been dismissed as to the other defendant. From

this judgment the said defendant Earl P. Driver has appealed.

Substantially the facts are as follows:

On the sixth day of June, 1925, at about the hour of 8:30 P. M., plaintiff was crossing Nineteenth Street, in an easterly direction, at its intersection with J Street, in the city of Sacramento. While proceeding across Nineteenth Street on the crosswalk used by pedestrians he was struck by an automobile driven by defendant, knocked down, and injured. J Street runs in an easterly and westerly direction and Nineteenth Street in a northerly and southerly direction. At about the same time that respondent started across Nineteenth Street, appellant, driving north on said Nineteenth Street, had come to a stop at the south line of the intersection of J and Nineteenth Streets, to wait for two street-cars to pass from in front of him on J Street, one of said street-cars going north on said J Street and the other south thereon. That when the passage of said street-cars permitted, appellant drove across the intersection of said streets, and when he arrived at the said crosswalk along the north line of the intersection of said streets his automobile struck respondent. The only eye-witnesses to the accident were respondent and appellant. Respondent testified that before starting across said street he looked both ways for approaching automobiles, but saw none, and that he continued to look until the moment of the accident. That he first became aware of the approach of appellant's automobile when he saw its headlights just an instant before it struck him. Appellant testified that when the street-cars permitted him to proceed he drove straight across the said intersection at a speed of not exceeding five miles an hour. That he did not see respondent and was not aware that he had struck him until he felt a light jar of his automobile. That when he felt the jar, he immediately stopped, and on getting out of his automobile found respondent on his hands and knees about a foot in front of his car trying to get upon his feet.

Appellant urges four grounds for reversal of the judgment, namely: 1. Insufficiency of the evidence to justify the verdict; 2. That said verdict is against law; 3. Excessive damages appearing to have been given under the influence of passion or prejudice; 4. Errors in law occurring at the trial and excepted to by defendants.

We will first consider the question of the insufficiency of the evidence to justify the verdict. The evidence is to the effect, without contradiction, that after both of the street-cars had cleared the intersection of Nineteenth and J Streets, appellant, who had stopped at the south line of said intersection, started his car in low gear and proceeded north across said intersection. The night was clear, the moon was shining and the headlights of appellant's automobile were lighted and would throw a beam of light sixty or seventy feet ahead. There was nothing in front of appellant, after the street-cars had passed said intersection, and after appellant started to cross it, that obstructed his view north across said intersection and beyond the crosswalk leading across Nineteenth Street along the north line of said intersection. Appellant stated that he was on the east side of Nineteenth Street, and that he went straight ahead on that side of the street, and that he did not see respondent before he was struck. That an instant before he struck respondent a passing automobile flashed a light in his eyes, blinding his vision, and at this moment his automobile struck respondent. He also testified that the part of his automobile that struck respondent was the right front fender. The evidence shows, without contradiction, that just as the street-cars were passing the intersection, respondent started across the crosswalk on Nineteenth Street along the northerly line of said intersection, walking rather rapidly, and just after he had crossed the center of said Nineteenth Street, going east, he saw the lights of appellant's automobile within a few feet of him. That before entering upon said crosswalk respondent looked both ways for approaching automobiles, but saw none. That he continued to look for approaching automobiles as he proceeded to cross Nineteenth Street, but saw none until suddenly he saw appellant's automobile almost upon him.

In the case of *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066], the court said: "The driver of an automobile has no right to assume that the road is clear under all circumstances and at all times, and he must be vigilant and must anticipate the presence of others." (*Meyers* v. *Bradford*, 54 Cal. App. 157 [201 Pac. 471].) Foot-passengers and those driving vehicles have equal rights in the public highway, and both are required to exercise that degree

of care and prudence which the case demands. The duty cast upon both pedestrians and driver of a vehicle is reciprocal and equal and neither of them has a superior right to the other. (*Meyer* v. *Anderson,* 36 Cal. App. 740 [173 Pac. 174].) It is the duty of the driver of the automobile, where the view is unobstructed, to see persons on the road in front of the machine. (*Nichols* v. *Nelson,* 80 Cal. App. 590 [252 Pac. 739] ; *Warner* v. *Berthold,* 40 Cal. App. 776 [181 Pac. 808] ; *Barker* v. *Savas,* 52 Utah, 262 [172 Pac. 672].) Even though the operator of an automobile may be rigidly within the law, he still remains bound to anticipate that he may meet persons at any point on the street and he must, in order to avoid the charge of negligence, keep a proper lookout for them and keep his machine under control, as will enable him to avoid a collision with another person using proper care and caution, and if the situation requires, he must slow up and stop. (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335 [208 Pac. 125] ; *Rush* v. *Lagomarsino, supra.*)

 The jury, under the circumstances surrounding the accident, had the right to infer that had the appellant looked ahead of him as he crossed the intersection, he would have seen respondent as he proceeded to cross Nineteenth Street, for it is apparent that respondent must have passed in front of appellant's automobile, as he was struck by the right front fender. Nor, in the opinion of this court, was the respondent guilty of contributory negligence as a matter of law. On the contrary, so far as the evidence shows, he was upon the street at a point where he had a right to be, and where pedestrians were expected to cross, and did customarily cross said Nineteenth Street, and according to his testimony, in crossing the street he had observed the care and caution for his own safety that an ordinarily prudent man would have observed under the same circumstances. That is to say, at the time he started to cross the said street, he looked both ways for approaching vehicles, and continued so to look until he was struck by plaintiff's automobile. The question of contributory negligence was, in this case, clearly a question for the jury, and the jury, by its verdict, having, upon sufficient evidence found, in effect, that respondent was not guilty of contributory negligence, the verdict upon that question is binding on this court.

Appellant claims that the court erred in admitting testimony to the effect that appellant was insured, and in refusing, on motion of appellant, to strike out this evidence. The testimony regarding the matter of insurance was brought out when Anna L. Potter, the wife of respondent, was testifying as a witness for her husband. She testified that Dr. Igo was first called to attend upon respondent after he was injured; that later Dr: Igo had to withdraw from the case as he was leaving Sacramento; that appellant and his brother called to see respondent, and she told them that Dr. Igo was going away, and that she asked them if it would be satisfactory for Dr. Stevenson to take charge of the case. They said that Mr. Henretty was the representative of the Security Company, and that they would ask him to see whether he wanted to call a doctor in for them, and that thereupon she said, "Well, you are insured, are you?" and they said, "Oh, yes, but if we were not insured we would take care of Mr. Potter just the same." Appellant moved the court to strike out this statement regarding insurance. This the court refused to do, but instructed the jury to disregard the remarks relating to the insurance, stating the question for the jury to decide was whether or not the defendants were liable for damages. In the case of *Nichols* v. *Nelson, supra*, the court, speaking of the admissibility of evidence of this character, said: "While it is true that evidence that a defendant in an action for damages is insured against loss, is inadmissible and it is improper for counsel to endeavor to get such a fact before the jury by questions designed solely for that purpose, under the facts as here presented it cannot constitute error. The question asked the juror was for the purpose of ascertaining whether or not he was a member of an automobile club which was the insurance carrier. Such questions have been held to be proper. (*Williamson* v. *Hardy,* 47 Cal. App. 377 [190 Pac. 646]; *Baldarachi* v. *Leach,* 44 Cal. App. 603.) In the case of *Nichols* v. *Nelson, supra,* the court said: "Even conceding it to have been improper, it was not prejudicial where, as here, the court instructed the jury to disregard it," and the court further said, "as this was admitted as tending to show an acknowledgment of responsibility by defendant for the accident we think it was proper evidence." (*McPhee* v. *Lavin,* 183 Cal. 264 [191 Pac. 23].) In the case under con-

sideration this evidence regarding insurance was brought out in answer to questions tending toward showing an acknowledgment of responsibility by appellant for the accident, and not by questions designed solely for the purpose of getting the fact of insurance before the jury. With the instruction given to the jury as aforesaid, we are of the opinion that the court did not err in refusing to strike out this evidence.

■ Appellant contends that the court erred in refusing to give to the jury the following instruction: "Defendant's instruction No. 4. The court instructs you that observation of ordinary care by a pedestrian who undertakes to cross the street is not fully performed by merely looking to the right or left as he steps upon the street, but the observance of that care is imperative upon him during all the time he is crossing. Therefore, if you find that the plaintiff looked only once to the right or south when entering upon Nineteenth street, and then continued to cross the street without making further observation, you will find him guilty of negligence and your verdict will be in favor of the defendant." The court very properly refused to give this instruction. In one important particular it fails to state the law, and that failure consists in omitting to state that before such negligence entitled the defendant to a verdict, the jury must further find that said negligence was the proximate cause of the injury to respondent, that it directly contributed to such injury. (*Rush* v. *Lagomarsino, supra; Bassler* v. *Sacramento Gas & Electric Co.*, 158 Cal. 514 [Ann. Cas. 1912A, 642, 111 Pac. 530].)

■ Appellant also contends that the court erred in permitting respondent to testify that when he was informed by his physicians that as a result of the accident he had water on his knee, he was worried and mentally distressed through fear that he might not again be able to walk. We are of the opinion that as tending to show the effect the injuries suffered by respondent had upon him mentally, this evidence was admissible. In the case of *Boa* v. *San Francisco-Oakland T. Rys.*, 182 Cal. 93 [187 Pac. 2], the supreme court declared the law to be as follows: "Unquestionably the physical and mental condition of plaintiff resulting from the accident was material, and mental suffering occasioned by any reasonable apprehension of future disability or deformity resulting

naturally and proximately from her injury was a proper element to be considered by the jury in assessing the damages."

Appellant further claims that the damage was excessive, appearing to have been given under the influence of passion or prejudice. It appears from the evidence that at the time of the accident respondent was fifty-six years of age, was in good health and was engaged in the harness, saddlery, and leather goods business, to which he was giving his personal attention. His injuries consisted of a contusion on his head, injury to right arm, right eye, left knee, back, and big toe on right foot, and other bruises and abrasions; that he was confined to his bed for some two months, suffered a great deal of pain, and at the date of the trial, December 21, 1926, had not recovered from the effects of the injury, his arm, back, and his leg still paining him and rendering him unable to perform the heavy work of his business that he had been accustomed to handling before he received the said injuries; that his injured leg was much weaker than it was before the injury and interfered with his walking, and that his general health had failed by reason of said injuries and the shock his nervous system had received therefrom.

In the case of *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237 [116 Pac. 513], the supreme court laid down what it deemed the correct rule that should be followed by the appellate courts in determining whether or not the damages are excessive, as follows: "That it is only where the verdict is so grossly disproportionate to any reasonable limit of compensation warranted by the facts, as to shock the sense of justice and raise a strong presumption that it is based on prejudice or passion, rather than on sober judgment, that the judge is at liberty to interpose his judgment against that of the jury." (*Martin* v. *Shea*, 182 Cal. 130 [187 Pac. 23]; *Grant* v. *Los Angeles Transfer Co.*, 45 Cal. App. 731 [188 Pac. 294]; *Anderson* v. *San Francisco-Oakland Rys.*, 61 Cal. App. 21 [214 Pac. 289].)

In the case of *Scott* v. *Times-Mirror Co.*, 181 Cal. 345 [12 A. L. R. 1007, 184 Pac. 672], the court quoted with approval the following words used by the supreme court in the case of *Hickey* v. *Coschina*, 133 Cal. 81 [65 Pac. 313]: "'The court below had the power to, and no doubt did care-

fully weigh and consider the evidence for the purpose of determining whether or not the verdict was the correct conclusion from all the testimony in the case. It had the power to set aside the verdict, even though the evidence was not conflicting, if convinced that it was unjust or not in accord with the weight of the evidence. Here, we have no such power. The presumptions are all in favor of the correctness of the verdict. To this presumption is added the sanction of the court below in denying the motion for a new trial.''

We are of the opinion that the verdict of the jury is not so grossly disproportionate to any reasonable limit of compensation warranted by the facts as to shock the sense of justice or raise a strong presumption that it was based on passion or prejudice.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.