[Civ. No. 4165.   Third Appellate District.—November 18, 1930.]

LOUIS F. WULFERDINGER, Respondent, v. PICKWICK STAGES SYSTEM (a Corporation), Appellant.

Theodore Hale, Barry J. Colding and B. P. Gibbs for Appellant.

Charles Reagh, Phillip R. McEnerney, Martin Pence, Thomas C. Anglim and McEnerney, Reagh & Morris, for Respondent.

MR. JUSTICE Pro Tem. SHIELDS Delivered the Opinion of the Court.—This action grew out of the same accident involved in the case of *Robert O. Even* v. *Pickwick Stages System, ante,* p. 636 [293 Pac. 700], an opinion in which has this day been filed.  This plaintiff was a fellow-passenger with Even, and like him was injured in the accident, and brought this action to recover the damages he thereby sustained.  This case was heard by the court without a jury and by stipulation was tried upon the same evidence

upon which the Even case had been tried. The evidence in this case, however, as to the nature of the plaintiff's injuries was different and appropriate to the facts in his case. The court awarded the plaintiff judgment for certain special damages and for $7,000 general damages. From this judgment this appeal was taken, the same questions being raised which were involved in the case of *Even* v. *Pickwick Stages System, supra*. The decision in this latter case disposed of all of these points except the contention that the verdict was excessive. This question will be given brief treatment.

The plaintiff before the accident was a piano salesman, who traveled about in his business, frequently going from door to door. In the accident he suffered a dislocated coccyx and a sprained sacroiliac joint. He was taken immediately to the hospital at Ukiah, "suffering terribly". He remained there six days and was then taken home. He was able to visit his office about the end of September, but could do no work. He began to do some work about the end of October. He continues to have violent pains in his back, he suffers nervous illness and has trouble with his rectum.

At the time of the trial he had not been able to work full time. On many days he has to lie down and cannot work at all. He can walk only a few blocks at a time, and then must sit down on account of pain. At the time of the trial he was unable to sit evenly on both hips, and had to sit on one or the other. He cannot move pianos as he previously did in the conduct of his business and is unable to play a piano as his business requires, because he cannot sit on a hard surface. He has lost between 12 and 14 pounds in weight. His health before the accident was "perfect", and his earnings had been about $5,000 per annum. Since the accident he has been able to make no more than $40 per week, "at the most". The above statements are from the testimony of plaintiff himself. His physician testified that the dislocation of his coccyx was permanent, and that he did not think he could be restored to complete health without a capital operation.

With regard to the sacroiliac "slip", the witness stated that its condition indicated a bad prognosis. Continuing, he said the "condition is unfavorable". Such evidence, if believed by the court, afforded abundant support for the award made by the court.

For the reasons given in the opinion in *Even* v. *Pickwick Stages System, supra,* the judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 18, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1931.