[Civ. No. 11800. Second Appellate District, Division One.—June 7, 1939.]

GEORGE J. LOMAX, Respondent, v. ABRAHAM G. HAGLUND, Appellant.

234

Leslie S. Bowden for Appellant.

John J. Craig for Respondent.

DORAN, J.—Defendant appeals from the judgment in favor of plaintiff, upon two causes of action, the first of which was for alienation of the affections of plaintiff's wife, for which the jury returned a verdict in the sum of $5,000, the second for alleged criminal conversation, for which a verdict was returned in the sum of $20,000.

Appellants contends that the court erred in admitting evidence as to the second cause of action of the amended complaint, which in part alleged as follows:

"II.

"That on or about the 16th day of December, 1936, and again on or about the 24th day of December, 1936, . . . and on or about the 9th day of March, 1937, and again on or about the 11th day of March, 1937, and again on or about the 15th day of March, 1937, and again on or about the 23rd day of March, 1937, . . . the defendant on or about all of said dates and places unlawfully contriving and intending to injure the plaintiff and to deprive him of the comfort, society, aid and assistance of his said wife, wickedly, willfully and

maliciously debauched and carnally knew the said Dorothy Lomax without the privity or consent of the plaintiff.

"III

"That by means of the premises, and to wit, on or about the 4th day of April, 1937, the affection which the said Dorothy Lomax theretofore had for the plaintiff was alienated and destroyed and the plaintiff was deprived of the comfort, society, aid and assistance which he otherwise would have had from his said wife, and has suffered great distress of body and mind to his great damage in the sum of . . . ''

 It is urged by appellant in this connection that the allegations relating to criminal conversation in paragraph III as above set forth do not seek damages except for alienation of affection and that no reference is made therein to the criminal conversation as an element of financial detriment.

Respondent, on the other hand, contends as follows: ''There was no demurrer filed, either general or special, and while we do not concede for a moment that the insertion in the charging clause, the fact that plaintiff lost his wife's affection by the adulteries enumerated, is improper, nevertheless, that portion thereof could be omitted and a complete cause of action stated by merely enumerating the adulteries and claiming damages therefor.''

Respondent's contention is entitled to be sustained. Although that portion of paragraph III to which appellant objects could have been more appropriately set forth, nevertheless, in the absence of a demurrer, the allegations are sufficient.

 It is also urged by appellant that the damages awarded by the jury are excessive; that there are no facts or circumstances in the evidence warranting an award such as the jury made.

It appears from the record that defendant had been married to plaintiff's sister for some time prior to the marriage of plaintiff in December, 1930. The relation between defendant and plaintiff's wife, out of which the litigation herein arose, appears to have had its beginning on New Year's Eve of 1933, at a New Year's party held at the home of plaintiff. Without referring to details, which would serve no useful purpose, it is sufficient to note that the evidence discloses that the relation between defendant and plaintiff's wife thereafter became progressively more intimate, and that

at the same time and during the same period the attitude of plaintiff's wife toward plaintiff underwent a change, not unusual under such circumstances, until the separation resulted on April 4, 1937.

It is established law that before a judgment can be reversed because excessive, it must appear "so plainly and outrageously excessive as to suggest, at the first blush, passion or prejudice or corruption on the part of the jury". (*Hale* v. *San Bernardino etc. Co.*, 156 Cal. 713 [106 Pac. 83].) The same doctrine has also been affirmed in *Eldridge* v. *Clark & Henery Const. Co.*, 75 Cal. App. 516 [243 Pac. 43]; *McManus* v. *Arnold Taxi Co.*, 82 Cal. App. 215 [255 Pac. 755]; *Potter* v. *Driver*, 97 Cal. App. 311 [275 Pac. 526]; *Nitta* v. *Haslam*, 138 Cal. App. 736 [33 Pac. (2d) 678]. A review of the record herein produces no such reaction.

In *Fitzpatrick* v. *Clark*, 26 Cal. App. (2d) 710 [80 Pac. (2d) 183], in an action for alienation of affections, a verdict for $22,500 was held not to be excessive.

For the foregoing reasons the judgment and the order denying the motions for judgment notwithstanding the verdicts, are and each of them is, affirmed.

York, P. J., and White, J., concurred.